**David L. NESTLER, Plaintiff–Appellant,**

v.

**EDWARDS, Dr.; Fenner, Dr.; Tennessee Department of Corrections; Howard Carlton, Warden; Jack Morgan, Warden; Donal Campbell, Commissioner, Defendants–Appellees.**

No. 01–5877.

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2003.

Before DAUGHTREY and MOORE, Circuit Judges; and SIMPSON, District Judge.*

*ORDER*

David L. Nestler appeals pro se from a district court judgment that dismissed his

---

* The Honorable Charles R. Simpson III, United States District Judge for the Western District of Kentucky, sitting by designation.

civil rights action filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Nestler sued several doctors and state prison administrators, alleging that he had received inadequate medical treatment for a back problem while he was incarcerated. The district court held that Nestler did not state a cognizable claim under § 1983 because defendants' alleged conduct was at worst negligence rather than an Eighth Amendment violation, that the administrative defendants were not liable under a theory of *respondeat superior,* and that all of the defendants were immune from damages insofar as they had been sued in their official capacity as state employees. Thus, the court dismissed the case on June 14, 2001, pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. It is from this judgment that Nestler now appeals, moving for the appointment of counsel and for leave to add several new defendants.

Initially, we note that Nestler's brief does not contain a clear challenge to the district court's rationale for dismissing his *respondeat superior* claims against the administrative defendants. He has, therefore, abandoned these claims for purposes of appellate review. *See Buziashvili v. Inman,* 106 F.3d 709, 719 (6th Cir.1997).

We review the dismissal of Nestler's case *de novo. See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). Dismissal was appropriate because he did not raise a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) *and* 1915A.

A viable Eighth Amendment claim generally includes both an objective and a subjective component. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The objective component requires a showing that Nestler was exposed to a substantial risk of serious harm. *See id.* The subjective component requires a showing that the defendants acted with deliberate indifference or recklessness, that is more than mere negligence. *See id.* at 834–37.

The complaint indicates that the defendants provided Nestler with muscle relaxants, pain killers and other treatment for his back condition, even though he may not have been satisfied with the treatment that he received. Thus, he has alleged no more than a medical malpractice claim that is not cognizable under § 1983. *See Durham v. Nu'Man,* 97 F.3d 862, 868–69 (6th Cir.1996); *Sanderfer v. Nichols,* 62 F.3d 151, 154–55 (6th Cir.1995). Nestler now argues that his claims involve an unconstitutional delay in treatment. However, this argument is unavailing because this also involves a dispute as to the adequacy of treatment and does not satisfy the *Farmer* test.

Nestler argues that the district court should have granted his motion to compel discovery. However, the court need not delay its resolution of a case under the Prison Litigation Reform Act. *See McGore,* 114 F.3d at 612. "If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should sua sponte dismiss the complaint." *Id.* Thus, the court properly dismissed Nestler's case without allowing discovery or further amendment of his complaint.

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.